# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Neil Wilson Callahan

v.

Charles S. Sharp
and Rappahannock
Regional Jail

October 9, 1998

Case No. CL98-177

BY JUDGE JOHN W. SCOTT, JR.

The Petitioner, Neil Wilson Callahan, having filed a Petition for Habeas Corpus Relief with this Court on September 4, 1998, requesting his immediate release from incarceration on the basis of the fact that the offense for which he is currently incarcerated occurred in "1992." If the offense date for the perjury conviction was November 18, 1992, Petitioner would have been eligible for release on August 7, 1998. If, on the other hand, the offense date for the perjury conviction was May 19, 1998, as well as the previous date, the Petitioner would be eligible for release on October 14, 1998. The Court must therefore determine which of these dates is the actual date of the offense.

On August 20, 1998, a conviction order was entered by the Honorable Thomas A. Fortkort in the Circuit Court of the City of Fredericksburg. That Order found the Defendant guilty of perjury on the basis of his guilty plea, which was tendered in the presence of his counsel. The Court sentenced the Petitioner to serve five years in the state penitentiary with four years six months suspended. The Order states that the dates for the perjury conviction were November 18, 1992, and May 19, 1998. The indictment and the sentencing order found the Defendant guilty in violation of § 18.2-435, Va. Code (1950, as amended). That section specifically states:

It shall likewise constitute perjury for any person with the intent to testify falsely to knowingly give testimony under oath as to any material matter or thing and subsequently to give conflicting testimony under oath as to the same matter or thing. ..."

Under the language of the statute, the offense is not committed until subsequent testimony is given. In this case, the subsequent testimony was not given until May 19, 1998. Therefore, the elements of the offense were not satisfied until May 19, 1998. Without the subsequent testimony, there would be no violation of this offense.

It is therefore, adjudged, ordered, and decreed in accordance with § 18.2-435, Va. Code (1950, as amended), that the dates of the offense are as stated in the indictment. Since the offense was not committed until the Defendant's subsequent testimony in May of 1998, any active period of incarceration imposed upon the Petitioner (Defendant) should be governed by the statutes and regulations of the Department of Corrections in effect as of May 19, 1998.